UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAS, INC,

      Plaintiff,                    Case No. 10-cv-13147

v.                                         HONORABLE STEPHEN J. MURPHY, III

NOCHECK, LLC, SFS, LLC, CHARLES
W. KOPCO, JR., and RONALD S. LABO

      Defendants.
_____/

## ORDER TERMINATING ALL
## PENDING MOTIONS (docket nos. 19, 22, & 23),
## AND ORDERING DEFENDANTS TO FILE COUNTERCLAIM

Currently before the Court in this breach of contract action are the following motions:

1) Plaintiff's motion to dismiss count one of the defendants' first amended counterclaim

(docket no. 19); 2) Plaintiff's motion to strike defendants' second amended counterclaim

(docket no. 22); and 3) Defendants' motion for leave to file a late response to Plaintiff's

motion to dismiss, and for leave to file an amended counterclaim (docket no. 23).

Early in this case, the Court ordered Plaintiff to file an amended complaint because

the initial complaint did not allege an adequate basis of federal jurisdiction. Plaintiff filed

a new complaint, which then caused Defendants to file an amended answer and

counterclaim. Since that time, the docket has become a mess, and the procedural history

of this relatively new case has become unduly complicated. Accordingly, the Court will

invoke its authority to control its docket, *see S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807

(9th Cir. 2002) ("District courts have 'inherent power' to control their dockets."), and will

terminate all pending motions, permit Defendants to file their proposed counterclaim[1]

_____

[1] The Court will not permit defendants to add any new counts to their proposed
counterclaim.

(docket no. 23-1), and allow Plaintiff to challenge the legal validity of the counterclaim by filing a motion to dismiss. The Court finds this to be the most sensible and efficient way of resolving the parties' disagreements at this juncture, without prejudicing any of their rights.[2]

**WHEREFORE**, it is hereby **ORDERED** that the motions at docket nos. 19, 22, & 23 are **TERMINATED.**

**IT IS FURTHER ORDERED THAT** Defendants shall **FILE** on the docket within **three (3) days** their proposed counterclaim (docket no. 23-1);

**IT IS FURTHER ORDERED THAT** should Plaintiff wish to challenge any portion of the counterclaim, it shall **FILE** a motion to dismiss within 14 days of the date the counterclaim is filed. The default briefing schedule set forth in Local Rule 7.1 shall govern the timing of the response and reply briefs.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

---

[2] Although Plaintiff seeks to strike the amended complaint in part because the Court never granted leave to amend, court-ordered leave to amend is not always required before a party may file an amended pleading. Rule 15(a) provides that a party may file an amended pleading as a matter of right if the opposing party consents in writing. Fed. R. Civ. P. 15(a)(2). In its motion to dismiss, Plaintiff expressly consents to Defendants filing an amended counterclaim as an alternative to the Court dismissing count one of the counterclaim. Pl.'s Mot. to Dismiss, 1 (docket no. 19). Therefore, leave of the Court is not required.