UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAS, INC.,

    Plaintiff,                                   Case No. 10-cv-13147

v.                                            HONORABLE STEPHEN J. MURPHY, III

NOCHECK, LLC, SFS, LLC, CHARLES W.
KOPCO, JR., and RONALD S. LABO,

    Defendants.
_____/

**OPINION AND ORDER OVERRULING DEFENDANTS'
OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER**

Before the Court are Defendants' objections to Magistrate Judge Paul J. Komives's order granting Plaintiff's motion to compel and requiring Defendants to pay Plaintiff's costs and fees incurred in bringing the motion. For the reasons stated below, the objections are overruled.

### BACKGROUND

The facts are set forth in Judge Komives's order, reproduced below:

**A. Background**

This is, among other things, a breach of contract case. Plaintiff filed this case on August 9, 2010 and filed an amended complaint on August 27, 2010. Doc. Entries 1 at 10. Counterclaims were filed on August 31, 2010 (Doc. Ent. 12 at 12-14); a first amended counter-complaint was filed on September 17, 2010 (Doc. Ent. 15 at 13-19); a second amended counter-complaint was filed on October 22, 2010 (Doc. Ent. 21); and second amended counterclaims were filed on November 26, 2010 (Doc. Ent. 25).

According to Judge Murphy's October 6, 2010 scheduling order, the discovery deadline is March 31, 2011. Doc. Ent. 20.

**B. Discovery**

Plaintiff served its first request for production of documents to defendants on October 6, 2010. Doc. Ent. 27-2 (RFP #1-#64). Defendants

> served responses in mid-November 2010. Doc. Ent. 27-4. By a letter dated December 14, 2010, plaintiff pointed out incomplete or illegible documents (Doc. Ent. 27-5 at 3-12) and deficient document requests (Doc. Ent. 27-5 at 13-18).
>
> Currently before the Court is plaintiff's January 7, 2011 motion to compel discovery. Doc. Ent. 27. Plaintiff argues that (A) "Defendants' Objections To MAS's RFP Should Be Overruled Because All Objections Were Waived Once Defendants Failed To Timely Respond To The RFP[,]" (B) "Defendants Failed to Supplement Incomplete and Illegible Documents Produced as Part of Their Document Responses Despite Ampl[e] Opportunity[,]" and (C) "Defendants Failed to Supplement Document Responses Identified by MAS that Are Clearly Deficient."
>
> Plaintiff requests that the Court "enter an Order requiring Defendants to produce to MAS within five (5) days from the date of the Order, a full and complete set of documents responsive to the RFP, as well as order that Defendants pay MAS's costs and attorneys fees incurred with the filing of this Motion." Doc. Ent. 27 at 2. At the conclusion of its motion brief, plaintiff:
>
>> . . . respectfully requests that this Court grant its Motion and enter an Order requiring Defendants *to produce, without objection, all documents and electronically-stored information responsive to MAS, Inc.'s First Request for Production of Documents and Electronically Stored Information Directed to Defendants*, to MAS within five (5) days from the date of the Order, as well as require Defendants to pay MAS's costs and attorney fees incurred in the filing of this Motion.
>
> Doc. Ent. 27 at 17 (emphasis added).
>
> On January 10, 2011, Judge Murphy referred this motion to me for hearing and determination. Doc. Ent. 28. A hearing on this motion was noticed for February 10, 2011. Doc. Ent. 29.

Order of Feb. 9, 2010, 1-3 (docket no. 30).

Defendants failed to file a response brief, let alone one within 14 days after service of the motion, as required by Local Rule 7.1(c)(1) and (e)(2)(B). Judge Komives, therefore, granted Plaintiff's motion as unopposed, and ordered Defendants to produce to Plaintiff, within five days, and without objection, all discovery responsive to Plaintiff's request. Judge

2

Komives also ordered Defendants to pay the costs and fees Plaintiff incurred in bringing the motion. *Id.* at 3. He cancelled the hearing scheduled for the next day. *Id.*

Shortly after the order was entered, Defendants filed a belated response brief. Defendants then filed timely objections.

## STANDARD OF REVIEW

Review of a magistrate judge's order on a non-dispositive motion is limited. "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "[A] [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001); *see also United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) and *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir.1992) (both discussing "clearly erroneous" standard under Rule 52(a)). "The test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). "[A magistrate judge's] legal conclusions are reviewed under the plenary 'contrary to law' standard. Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (internal citation omitted). "Where the relevant legal standard under the Federal Rules of Civil Procedure

requires the decision-maker to 'do justice' or balance the interests at stake, the magistrate judge's decision will be reversed only on a showing of an abuse of discretion." *Id.*

## DISCUSSION

Defendants contend that Judge Komives erred in ordering Defendants to produce all outstanding documents without objection, and to pay Plaintiff's costs and fees incurred in bringing the motion. The Court disagrees.

As an initial matter, the Court notes that Defendants have likely forfeited any right of review by failing to oppose Plaintiff's motion while it was before Judge Komives. Generally a party may not raise arguments before a district judge that it failed to properly raise before a magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *but see Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (stating that the Sixth Circuit has "not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge," but recognizing an "indication" in *Murr* that a party cannot). While this forfeiture rule has been applied primarily in the context of *dispositive* motion review, there is no reason why such a forfeiture rule should not apply to review of decisions on non-dispositive motions as well. Therefore, Defendants have probably forfeited any review of the discovery order.

But assuming Defendants did not forfeit review, Defendants' objections lack merit nonetheless. Defendants contend first that they mooted Plaintiff's motion by providing supplemental discovery responses after the motion was filed. *See Wedgewood Ltd. P'ship I v. Twp. Of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (citation and internal quotation marks omitted). Even if that were true, Defendants never advised Judge Komives of this fact before he ruled on the motion.

4

Absent a challenge to the motion, Judge Komives was entitled to rely on Plaintiff's undisputed representations that Defendants had failed to produce the requested discovery. His implicit finding of non-production is not clearly erroneous. Nevertheless, as a matter of historical fact, Defendants did not moot Plaintiff's motion. According to Plaintiff, Defendants' supplemental response was served on Plaintiff *after* Judge Komives ruled on the motion. *See* Pl.'s Resp. Br. 5 (docket no. 34). Plaintiff's assertion remains unrebutted even though Defendants could have filed a reply brief rebutting it. *See* E.D. Mich. LR 72.1(d)(4) (permitting reply briefs to non-dispositive motions). Moreover, as even Defendants admit in their objections, they have still not produced all requested documents. *See* Objs. 6[1] ("Furthermore, Defendants were and are continuing to provide the requested discovery."); *id.* at 7 ("Plaintiff has requested the Court to Compel Discovery of documents that Defendants are still in the process of obtaining."). Therefore, Plaintiff's motion was not moot when Judge Komives granted it.

Defendants next contend that the Judge Komives should not have ordered them to produce the requested documents without objection. Defendants do not dispute that they failed to answer Plaintiff's discovery request within 30 days of being served with it. Nor do they contend that they asked for an extension or objected to the request. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objections.'" *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. No. 5:99CV118, 2001 WL 34059032, *1 (W.D. Mich. Feb. 13, 2001) (quoting *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)). "If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary

---

[1] Because Defendants failed to include page numbers in their objections, citations thereto refer to CM / ECF numbering.

5

consequence of dilatory action in most cases." *Id.* "Courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Id.*

Application of the waiver rule here was proper. The reasons offered by Defendants for failing to timely respond to Plaintiff's discovery request include: 1) they had to review tens of thousands of emails and documents before producing them; 2) many (but not all) of the requested documents were already in Plaintiff's possession; and 3) Defendants' counsel had a medical emergency just prior to the day the responses were due. But none of these reasons explains why Defendants failed to request an extension or file timely objections to the requests, or how Plaintiff has not been prejudiced by the lack of production.

Apparently as a challenge to the facial propriety of Plaintiff's discovery request, Defendants contend that production of the objected-to documents would violate provisions of the Gramm-Leach-Bliley Financial Modernization Act ("Act"), Pub. L. 106-102, 113 Stat. 1338 (1999) (codified in scattered sections of 12 and 15 U.S.C.). They are wrong. "[T]he [Act] requires a financial institution to give its customers notice and an opportunity to opt out of disclosure before releasing any customer's 'nonpublic personal information to a non-affiliated third party.'" *Marks v. Global Mortg. Group, Inc.*, 218 F.R.D. 492, 495 (S.D. W. Va. 2003) (quoting 15 U.S.C. § 6802). Notice and an opportunity to opt out is not required, however, where a financial institution releases such information to a third party in order "to respond to judicial process." 15 U.S.C. § 6802(e)(8). As district courts have explained, this exception covers discovery requests in civil litigation. *See, e.g.*, *Marks*, 218 F.R.D. at 496. Therefore, assuming Defendants are "financial institutions" covered by the

6

Act, and that Plaintiff has requested "nonpublic personal information" (Defendants have addressed neither question in their objections), the Act does not prevent disclosure of the information Plaintiff requested. Judge Komives's order is not contrary to law.

Finally, Defendants contend that Judge Komives abused his discretion in awarding Plaintiff its fees and costs incurred in bringing the motion. Rule 37(a) *requires* a court to award costs and fees incurred in bringing a motion to compel if the motion is later granted or if the requested discovery was provided *after* the motion was filed. Fed. R. Civ. P. 37(a)(5)(A). Exceptions exist where the movant filed the motion before trying to resolve the matter in good faith, nondisclosure was substantially justified, or other circumstances make an award unjust. *Id.* None of the exceptions applies here. Defendants contend only that sanctions are not warranted under Rule 37(b)(2) because Defendants did not act in bad faith, substantially complied with Plaintiff's request, and have not prejudiced Plaintiff in any way. *See Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1999) (listing four factors court must consider when ordering sanctions under Rule 37(b)). These excuses, perhaps relevant to whether a party should be sanctioned under Rule 37(b), are entirely irrelevant to the Rule 37(a)(5)(A) analysis. Judge Komives's order to pay fees is not contrary to law.[2]

Finally, Plaintiff asks the Court to order Defendants to pay the reasonable fees and costs Plaintiff incurred in opposing Defendants' objections to Judge Komives's order. Defendants have not opposed this request. The Court must grant the request, since such fees and costs were "incurred in making the motion." *See* Fed. R. Civ. P. 37(a)(5)(A). Accordingly, Plaintiff shall file with the Court a document listing the amount of time spent preparing the response to Defendants' objections, complete with detail regarding the type

---

[2] Citing to Rule 37(a), Defendants also contend that Judge Komives erred in some way by cancelling the hearing on Plaintiff's motion. Neither Rule 37(a) nor any other authority requires the Court to hold a motion hearing. *See* E.D. Mich. LR 7.1(f)(2).

7

of work performed, the identity of the individual who performed the work listed, and the corresponding billing rate. Defendants will then have five days to respond.

**WHEREFORE**, it is hereby **ORDERED** that Defendants' objections (docket no. 32) are **OVERRULED**.

**SO ORDERED.**

                                    s/Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: March 28, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2011, by electronic and/or ordinary mail.

                                    s/Carol Cohron
                                    Case Manager