UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICE SHOT, LLC,

                Plaintiff,

v.

NOCHECK, LLC, et al.,

                Defendants.

_____/

Case No. 2:10-cv-13147

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING MOTION TO QUASH SUBPOENAS AND SET ASIDE ORDER RENEWING JUDGMENT [164]

Defendant Charles Kopko and non-party Karin Kopko (the Kopkos) moved to quash post-judgment discovery subpoenas sent by Plaintiff Nice Shot, LLC as unduly burdensome under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), to modify the renewed judgment as released or inequitable under Rule 60(b)(5), or to set aside the renewed judgment for fraud under Rule 60(b)(3) and Rule 60(d)(3). ECF 164. The parties briefed the motion. ECF 168; 170. And the Court ordered supplemental briefing, ECF 171, that the parties provided. ECF 174; 175. For the following reasons, the Court will deny the motion.[1]

## BACKGROUND

In 2010, Mas, Inc. sued Charles Kopko for breach of contract, conversion, and a declaratory judgment. ECF 10. The Court granted summary judgment to Mas, Inc.

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

on the conversion claim. ECF 128. And the Court entered a judgment against Charles Kopko for $2,380,221.00.[2] ECF 129. Mas, Inc. then dissolved in August 2011. ECF 168, PgID 4567. But after dissolution, Mas, Inc. requested five writs of garnishment. ECF 132–136. Mas, Inc. was apparently unable to garnish any funds. *See* ECF 147–151. Plaintiff Nice Shot then filed a notice of assignment of judgment because it had apparently purchased the judgment from Mas, Inc. ECF 152. Plaintiff also moved to renew the judgment. ECF 153. The Court renewed the judgment. ECF 154. The Kopkos then moved to quash the post-judgment subpoenas Plaintiff served upon them. ECF 164.

## DISCUSSION

The Kopkos moved for relief on four grounds. First, they argued that the post-judgment subpoenas were unduly burdensome. *Id.* at 4403–06. Second, they argued that a 2020 settlement agreement between them and Plaintiff on an unrelated matter barred execution of the judgment. *Id.* at 4406–08. Third and fourth, they argued that the judgment should be set aside under two different rules for fraud on the Court. *Id.* at 4408–10. The Court will address each argument in turn.

### I.    Rule 45(d)(3)(A)(iv)

Under Rule 45(d)(3)(A)(iv), "the [C]ourt . . . must quash or modify a subpoena that . . . subjects a person to undue burden." To determine if a burden is undue, the

---

[2] The Court later issued a writ of execution in which it found that, with interest, the judgment had grown to $2,512,472.60. ECF 140, PgID 4350. The Court also found that the U.S. Marshals "must add daily interest in the amount of $128.79 per day from August 22, 2012 until collected." *Id.*

Court must weigh "the likely relevance of the requested material . . . against the burden . . . of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).

The Kopkos argued that "the post judgment discovery subpoenas directed the Kopkos . . . to produce a laundry list of financial documents from 2018 through present." ECF 164, PgID 4404. But under Rule 69(a)(2), "[a] judgment creditor or a successor in interest . . . may obtain discovery from any person—including the judgment debtor" if it is "[i]n aid of the judgment or execution." Indeed, a "creditor is entitled to utilize the full panoply of federal discovery measures provided for under federal and State law to obtain information from parties and non-parties alike, including information about assets that have been fraudulently transferred." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, No. 98-71940, 2012 WL 4757940, at *2 (E.D. Mich. Oct. 5, 2012) (cleaned up).

The Kopkos did not adequately explain the burden that answering the discovery subpoenas would cause them. *See* ECF 164. In fact, they did not argue that locating the requested information or answering the questions posed would cause them any burden at all. *See id.* And characterizing the requested discovery as a "laundry list" does not show *how* the Kopkos are burdened or *why* the burden is undue. *Id.* at 4404. Besides, the requested material is likely to be highly relevant. As analyzed below, Plaintiff was validly assigned a judgment against Charles Kopko. *See* ECF 152. The judgment is for at least $2,380,221.00. *See* ECF 154. And information about the assets and finances of the Kopkos is relevant to the execution

3

of the judgment. Thus, because Defendant did not show that the discovery subpoenas would unduly burden them,[3] and because the requested discovery is likely to be relevant to the execution of the judgment, the Court will deny the motion to quash under Rule 45(d)(3)(A)(iv).

II.    Rule 60(b)(5) and (6)

The Kopkos argued that "th[e] Court has the authority to modify the Order Renewing the Judgment and the Judgment . . . for any [] reason which makes continuance of the judgment unjust." ECF 164, PgID 4406 (citing ECF 129 and 154). The Kopkos then argued that a settlement agreement the parties signed in 2020 bars execution of the judgment. *Id.* at 4406–08. But that settlement agreement is plainly inapplicable to the execution of the judgment in the present case. In the earlier settlement agreement, Plaintiff discharged all of its claims "relating to the facts giving rise to the Litigation, Settlement Agreement, or Arbitration (the 'Released Matters')." ECF 164-13, PgID 4508 (cleaned up). The Released Matters include all claims on behalf of [Plaintiff] which are asserted in the Arbitration and any claims

---

[3] The Kopkos also argued that "[Plaintiff's] post judgment discovery subpoenas are barred by [a] pending arbitration" in an unrelated matter. ECF 164, PgID 4405. But the Kopkos provided no case law in support of their claim that a pending arbitration in an entirely unrelated matter can prevent the execution of a post-judgment subpoena. *See* ECF 164. Nor did the research the Court conducted reveal any case suggesting so. The Court will decline to quash the subpoena because of a pending arbitration in a separate matter.

4

that [Plaintiff] could have brought in Arbitration." *Id.* at 4508. The settlement agreement was signed December 31, 2020. *Id.* at 4512.

The execution of the judgment in the present case does not "in any way relat[e] to the facts giving rise to the Litigation, Settlement Agreement[,] or Arbitration matters" to which the 2020 settlement agreement applied. ECF 164-13, PgID 4508. Moreover, Plaintiff was not assigned a right to the judgment in the present case until July 2022. ECF 152. The 2020 settlement agreement is therefore inapplicable here and could not have waived enforcement of an otherwise valid judgment that Plaintiff did not own at the time. Rule 60(b)(5) and (6) are inapplicable, and the Court will deny the motion for relief under those Rules.

III.   Rule 60(b)(3)

The Kopkos next moved for relief from the final judgment under Rule 60(b)(3). ECF 164, PgID 4408. But a motion for relief from judgment made "under Rule 60(b) must be made within a reasonable time . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Here, the judgment was entered in August 2012. ECF 129. The Kopkos filed the present motion in November 2022. ECF 164. Thus, Rule 60(b)(3) is inapplicable, and the Court will deny the motion for relief under Rule 60(b)(3).

IV.   Rule 60(d)(3)

Under Rule 60(d)(3), the Court may "set aside a judgment for fraud on the [C]ourt." The Kopkos argued that Plaintiff "represented to the Court that [Plaintiff] purchased the Judgment under a valid assignment and that it was a proper party,

with standing, to seek its renewal. These representation[s] were false and [Plaintiff] and its attorney knew the representations were false." ECF 164, PgID 4408 (citing ECF 129). The Kopkos argued that the representation was false solely because, in their opinion, the judgment was not validly assigned from Mas, Inc. to Plaintiff. Defendant responded that the "argument that the assignment of the Judgment is invalid is baseless and contrary to law." ECF 168, PgID 4537. To determine whether Plaintiff may have perpetrated a fraud on the Court, the Court must decide whether the judgment in the present case could be validly assigned to Plaintiff.

In federal court, "the choice-of-law rules of the forum State determine what substantive law to apply." *State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 849 F.3d 328, 331 (6th Cir. 2017) (cleaned up). Thus, Michigan choice of law rules apply. Under Michigan choice of law rules, courts must apply the law of Michigan unless a "rational reason" to do otherwise exists. *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 286 (1997). To "determin[e] whether a rational reason to displace Michigan law exists, [a court must] undertake a two-step analysis." *Id.* First, a court "must determine if any foreign [S]tate has an interest in having its law applied. If no [S]tate has such an interest, the presumption that Michigan law will apply cannot be overcome." *Id.* But "[i]f a foreign [S]tate does have an interest in having its law applied, [a court] must then determine if Michigan's interests mandates that Michigan law be applied, despite the foreign interests." *Id.* (citation omitted).

The present motion turns on whether a Hawaii corporation could have validly assigned a judgment to Plaintiff, a Florida LLC, ten years after dissolution. ECF 164,

6

PgID 4408–10. Hawaii has an interest in having its law applied to its corporations. "This conclusion comports with the internal affairs doctrine, which is a choice of law principle that the law of the [S]tate of incorporation generally governs issues pertinent to a corporation's internal affairs." *Stewart v. Geostar Corp.*, No. 07-13675, 2008 WL 1882698, at *4 (E.D. Mich. Apr. 24, 2008) (collecting cases). And "Michigan's interests [do not] mandate that Michigan law be applied" despite Hawaii's interest. *Sutherland*, 454 Mich. at 286. The Kopkos argued that "the judgment was entered in Michigan, all post-judgment activity was filed in Michigan and neither party has any obvious relationship with the [S]tate of Hawaii." ECF 175, PgID 4651. But, as described above, the relevant question is whether a Hawaii corporation may transfer a corporate asset after dissolution. And Michigan does not have an interest in having its own law applied to determine if a Hawaii corporation may transfer its asset after dissolution. As the Court found above, Hawaii has a strong interest in how and when its corporations may transfer assets, and Michigan's interest does not override it. The Court will therefore apply Hawaii substantive law to determine whether the judgment in the present case could be validly assigned to Plaintiff.

Under Hawaii law, "[a] dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including . . . [d]isposing of its properties that will not be distributed in kind to its shareholders." Haw. Rev. Stat. § 414-385(a) (2018). Here, Mas, Inc. dissolved in August 2011. ECF 168-1, PgID 4567. But Mas, Inc. obtained a judgment against Charles Kopko in August 2012. ECF 129. And Mas, Inc. tried to

7

execute the judgment. *See* ECF 132–136. Mas, Inc. then assigned its right to the judgment to Plaintiff in July 2022. ECF 152, PgID 4364. Under Hawaii law, dissolution of a corporation does not automatically trigger a transfer of its assets. *Kosiorek v. Mankelow*, 145 Haw. 146, at *6 n.12, 2019 WL 4934932 (Table) (Ct. App. 2019) (noting that under Haw. Rev. Stat. § 414-385(b)(1) dissolution of a corporation does not transfer title of the property or assets owned by the corporation.). Instead, the corporation holds an asset indefinitely until the asset is transferred. *In re Gilliam*, No. 20-00194, 2020 WL 5848340, at *1, 6 (D. Haw. Oct. 1, 2020), *aff'd*, 859 F. App'x 832 (9th Cir. 2021) (finding that a corporation that had been dissolved for eight years still owned an asset). Indeed, section 414-385(a) explicitly contemplates a dissolved corporation's power to "[d]ispos[e] of its properties" even when it "may not carry on any business except that." Because Hawaii law allows a corporation to transfer its assets after dissolution, Mas, Inc.'s transfer of the judgment against Charles Kopko to Plaintiff was not invalid under Hawaii corporate law. *See* ECF 152. There is no evidence that Plaintiff committed a fraud on the Court when it "represented to the Court that [Plaintiff] purchased the Judgment under a valid assignment and that it was a proper party, with standing, to seek its renewal." ECF 164, PgID 4408. Indeed, the only argument Defendant raised against the validity of the assignment was that Mas, Inc. was dissolved. *See* ECF 164; 170; 175. That argument has been resolved. Accordingly, the Court will decline to set aside the judgment under Rule 60(d)(3).

In sum, each of the four arguments the Kopkos raised in their motion fail. The Court will therefore deny the motion in its entirety.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to quash subpoenas

and set aside order renewing judgment [164] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 4, 2023

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on April 4, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

9